IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSMON ISAAC MARTINEZ VASQUEZ,

     Petitioner,

v.                                   No. 2:26-cv-00508-KG-GJF

TODD LYONS, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Petitioner Osmon Martinez' Motion to Enforce, Doc. 10, and the Government's Response, Doc. 15. Petitioner argues that the bond hearing held after the Court's prior Order, Doc. 9, did not comply with the due process requirements set forth in that Order. After reviewing the parties' submissions and a digital audio recording ("DAR") of the proceeding, the Court denies the motion to enforce.[1]

## I.    *Background*

Petitioner is a 23-year-old Honduran citizen who entered the United States in 2019. Doc. 1 at 9. On July 14, 2025, the Department of Homeland Security arrested Petitioner at the Sierra Blanca checkpoint. *Id.* He remains detained at the Otero County Processing Center in New Mexico. *Id.* at 1.

Petitioner filed a Petition for a Writ of Habeas Corpus, Doc. 1, and the Court held that Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Doc. 9 at 3. On April 1, 2026, the

---

[1] The DAR of the Bond Hearing (April 2, 2026) is on file with the Court and lodged at Doc. 14 (the "Audio Recording").

Court ordered the Government to provide a bond hearing within seven days, at which it had the burden to justify his continued detention by clear and convincing evidence, or release him. *Id.* at 4.

An Immigration Judge ("IJ") presided over the hearing on April 2, 2026. *See* Doc. 10 at 5. The Government argued that Petitioner's relief is "speculative at this point, and our databases show that [Petitioner] has a pending criminal charge for cocaine possession." Audio Recording at 5:49. In addition, the Government "assert[ed] that [Petitioner] is a danger to the community and a flight risk." *Id.* at 6:17. After questioning Petitioner, the IJ denied his bond request after finding he is "a danger to the community due to [his] drug arrest and charge." *Id.* at 9:51. The IJ also found that Petitioner's "relief to be speculative." *Id.* at 10:05. Petitioner moves to enforce the Court's prior order, arguing that the IJ based his decision "on a generalized Rule rather than individualized findings." Doc. 10 at 2.

## II.    *Analysis*

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order. Under ordinary circumstances, "the burden" at an 8 U.S.C. § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted. *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.). In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government. Doc. 9 at 4. Nothing in the record demonstrates that the IJ failed to apply the burden-shifting framework. To the contrary, the IJ only heard argument from the Government, indicating that the Government bore the burden. *See* Audio Recording at 5:49. The Government made individualized arguments in favor of Petitioner's continued detention. *Id.* This Court's jurisdiction does not extend to reconsidering

2

the IJ's bond determination once the burden was properly shifted.  A review of the bond

determination is for the Board of Immigration Appeals.

### III.    *Conclusion*

Petitioner's Motion to Enforce this Court's prior habeas Order, Doc. 10, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.